MARTHA W. SMITH, and another, *vs.* CHARLES E. HUMPHREYS.

Cumberland.	Opinion January 14, 1896.

*Pleading. Demurrer. Contracts. Collusion and Fraud.*

Upon a demurrer to a declaration showing a collusive and fraudulent attempt to aid the defendant to obtain title to land, to be sold by an administrator at a price much less than its value to the injury of creditors or other heirs, *held*; that the court will not enforce such a contract, nor aid one of the fraudulent parties to obtain the fruits of his fraudulent agreement.

A second count in the same declaration alleged that the plaintiffs conveyed their interest in a certain lot of land, of which they were part owners, as heirs, to the defendant, another heir, upon his agreement to pay two outstanding mortgages secured upon other real estate, in which the parties were interested, and to hold and carry the mortgages at a reduced rate of interest as long as the plaintiffs desired. Nothing was to be paid to the plaintiffs. The breach alleged was a failure to pay the mortgages, but there was no allegation of damages suffered by such breach. The court closed with a claim for money alleged to be due the plaintiffs under the agreement set out in the first count, which related to other lands, and alleged a promise to pay that. *Held*; that the count was fatally defective.

ON EXCEPTIONS.

This was an action of assumpsit on account annexed and two special counts, together with a money count, and submitted to

the presiding justice of the Superior Court, for Cumberland county, upon the pleadings.

The defendant's counsel duly filed a demurrer to the first count of the plaintiff's declaration. The demurrer was sustained and the first count of the plaintiff's declaration adjudged bad by the presiding justice. And to the second count defendant's counsel plead the statute of frauds in the following brief statement :

And for a brief statement of special matter of defense to be used under the general issue pleaded, the said defendant said, "that the alleged promise declared on in the second count of the plaintiff's declaration, being an alleged promise to take up two certain mortgages and carry the same as long as the plaintiffs might desire, at a reduced rate of interest, is not and never was in writing signed by the defendant or by any person thereunto lawfully authorized, nor is nor was any memorandum or note of said alleged promise in writing signed as aforesaid."

This plea the presiding justice sustained and adjudged the second count bad.

The plaintiffs excepted to both rulings.

First count : "In a plea of the case, for that said plaintiffs were seized in fee of a certain farm, known as the Humphrey farm at or near the Willows, so-called, in Brunswick village, of a certain value, to wit, of the value of two thousand dollars, on which farm said defendant on a certain day, to wit, on the first day of September, A. D., 1891, then and there had a mortgage amounting to one thousand seventy-seven dollars and on which mortgage there was interest then and there due amounting to a large amount, to wit, to the sum of two hundred fifty-eight dollars and forty-eight cents. And a certain discourse arose on a certain day, to wit, on the first day of September, A. D., 1891, between the plaintiffs and the defendant, who was then and there a near relative, in which discourse defendant expressed himself desirous of becoming the owner of the said farm as it formerly belonged to his father and he had resided thereon, and thereupon it was agreed between the plaintiffs and the defendant that he should get a conveyance of the same from John A.

Waterman, Administrator of the estate of C. C. Humphreys, late of said Brunswick, deceased, to hold the same to defendant and his heirs at the appraised value thereof without any opposition from the said plaintiffs and in a measure through their aid, and that in consideration thereof he would pay over to the said plaintiffs, his relatives as aforesaid, the two hundred fifty-eight dollars and forty-eight cents which he would receive as interest on his said note and in addition thereto the sum of four hundred dollars in money, for and in consideration of the transfer to him of the aforesaid property by the said administrator without opposition on the part of the said plaintiffs and in a measure through their aid ; and he then and there induced the plaintiffs to consent to and aid in and not object to the conveyance of said farm to said defendant and the said defendant thereafterward, to wit, on the eighth day of September, A. D., 1891, obtained a conveyance of the said farm from the said administrator and in consideration thereof, and for the aforesaid other consideration, promised the plaintiffs to pay them the sum of six hundred fifty-eight dollars and forty-eight cents according to his aforesaid agreement respecting the aforesaid property and getting possession of the same ; yet the said defendant has failed and neglected to perform all and singular his aforesaid agreements and promises on his part to be performed and fulfilled and has never paid anything to either of the plaintiffs for the aforesaid services and aid."

*J. J. Perry and D. A. Meaher*, for plaintiffs.

A contract for the sale of land is executed and finished when a deed is given and is not a case within the Statute of Frauds. *Parker* v. *Wilkinson*, 17 Mass. 249 ; Mass. Digest, Vol. 11, p. 2516. A party who receives a grant of land from another on his promise to pay for it, cannot avoid making payment by showing that his promise is not in writing. *Dillingham* v. *Runnels*, 4 Mass. 400 ; *Pomeroy* v. *Winship*, 12 Mass. 523 ; *Wilkinson* v. *Scott*, 17 Mass. 249 ; *Brackett* v. *Evans*, 1 Cush. 79 and 82 ; *Nutting* v. *Dickinson*, 8 Allen, 540 ; *Basford* v. *Pearson*, 9 Allen, 387.

In this state the same principle has been repeatedly recognized by our courts ; thus, when a verbal contract for the sale of real estate has been made, the party ready to perform has a remedy against a party who repudiates such contract under the Statute of Frauds.

.. If a parol contract for the purchase of real estate is made and fulfilled on the part of the purchaser and the vendor refuses to perform the contract on his part, the party performing the contract can recover back all payments which have been made. *Kneeland* v. *Fuller*, 51 Maine, 521 ; *Richards* v. *Allen*, 17 Maine, 296 ; *Jellison* v. *Jordan*, 68 Maine, 373 ; *Segars* v. *Segars*, 71 Maine, 530.

This case is simply a reversal of parties giving the vendee a remedy against the vendor for non-fulfillment of contract:

.., But the case at bar is a stronger case for the plaintiffs than any of these. In this case the contract was completed by giving and receiving a deed of conveyance of real estate.

In *Hall* v. *Huckins*, 41 Maine, 574, the court say : "If any thing has been received by defendant as payment in lieu of money as notes, specific chattels and even real estate, it equally entitles the plaintiff to recover." *Willey* v. *Green*, 2 N. H. 333 ; *Clark* v. *Penny*, 6 Conn. 297 ; *Arms* v. *Ashley*, 4 Pick. 71 ; *Miller* v. *Miller*, 7 Pick. 136.

*Barrett Potter*, for defendant.

SITTING : PETERS, C. J., WALTON, HASKELL, WISWELL, STROUT, JJ.

STROUT, J. The demurrer to the first count was well taken. The case stated in it amounted to a collusive and fraudulent attempt to aid the defendant in obtaining title to a parcel of land to be sold by the administrator of C. C. Humphreys under license, at a price much less than its value, to the injury of creditors or other heirs, for a consideration to be paid therefor to the plaintiffs. The court will not enforce such a contract, nor aid one of the fraudulent parties to obtain the fruits of his fraudulent agreement. In such cases the maxim melior est

conditio possidentis, applies. Besides, the count does not allege that the defendant obtained title through the aid of plaintiff, which is the basis of his claim. The demurrer was properly sustained.

To the second count, defendant pleaded the general issue and the statute of frauds. The exceptions state that the plea was sustained and the second count adjudged bad. It does not appear that any suitable issue was made to require a ruling upon the sufficiency of this count. But as the parties have argued the question upon its merits, we deem it advisable to express our opinion. The count is inartificially drawn, but we gather from it the allegation that plaintiffs conveyed their interest in a certain lot of land, of which they were part owners, as heirs, to the defendant, another heir, upon his agreement to pay two outstanding mortgages amounting to twenty-six hundred dollars, secured upon other real estate, in which the parties were interested, and hold or carry the mortgages at a reduced rate of interest as long as plaintiffs desired. Nothing was to be paid to the plaintiffs. The breach alleged is failure to pay the mortgages. There is no allegation of damages suffered by this breach; but the count closes with a claim for money alleged to be due plaintiffs under the agreement set out in the first count, which related to other lands, and alleges a promise to pay that. This count is fatally defective.

*Exceptions overruled.*